# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

KIM BROOKS,                                    )
                                               )
         Plaintiff,                           )
                                               )
         v.                                   )            **8:05CV130**
                                               )
RISK MANAGEMENT ALTERNATIVES                   )            **PROTECTIVE ORDER**
and CREDIGY RECEIVABLES,                        )
                                               )
         Defendants.                          )
_____                )

      This matter is before the Court upon the Motion of the Plaintiff for a Protective Order (#17), pursuant to Fed. R. Civ. P. 26(c) and NECivR 5.3. Counsel for Credigy Receivables advised the court that Credigy had no objection. No response was received from Risk Management Alternatives. The court finds that there is good cause for entry of a Protective Order and that the motion should be granted. Accordingly, a Protective Order is entered as follows:

      1.  This Order shall govern the handling of the plaintiff's credit report(s), credit files, financial information and personal identification information, all of which is considered confidential information for the purposes of this protection order.

      2.  The provisions of this Order shall apply to (a) the named parties in this litigation, (b) all counsel of record in this litigation, including their office staff, and (c) expert witnesses.

      3.  If either party intends to submit any credit report, credit information or financial information regarding the Plaintiff to the court, the party shall move pursuant to NECivR 5.4 to file said information under seal.

      4.  Confidential information governed by this Order shall not be given, shown, made available, communicated, or disclosed to anyone other than:

      a.  The parties;
      b.  The attorneys of record, and their staff working on this action;
      c.  Court personnel and employees, including stenographic reporters;

   d.  Expert witnesses retained in connection with this litigation, only to the extent such disclosure is reasonably necessary to assist them in the preparation or conduct of this litigation; and

   e.  Potential witnesses and deponents to whom counsel, in good faith, believe that the disclosure is reasonably necessary to assist them in the litigation.

5.  At the conclusion of this litigation, whether by final judgment, dismissal or otherwise, or the exhaustion of any appeals, counsel of record in this litigation must return to the other party copies of any "confidential information" as defined by the terms of this Order.

6.  The terms of this Order shall survive any settlement, discontinuance, dismissal, severance, judgment or other disposition of this litigation, and the Court shall have jurisdiction to enforce the terms of this Order.

7.  Nothing in this Order shall prevent any party, after providing notice to all other parties, from applying to the Court for modification of this Protective Order.

8.  The confidential information described above will be used for the purposes of this case only and for no other purpose.

**IT IS SO ORDERED.**

**DATED July 14, 2005.**

                       **BY THE COURT:**

                       **s/ F.A. Gossett**
                       **United States Magistrate Judge**